UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

        Plaintiff-Appellee,      Ca. No. 22-3057

  v.

JERAMIAH CAPLINGER,

        Defendant-Appellant.

_____/

**RENEWED MOTION TO VACATE AND OPPOSITION TO GOVERNMENT MOTION FOR REMAND FOR RESENTENCING**

    Jeramiah Caplinger, through counsel, renews his motion to vacate his sentence of probation in light of *United States v. Little*, 78 F.4th 453 (D.C. Cir. 2023). This appeal challenges Caplinger's "split sentence" of both 35 days' custody and 2 years' probation as unauthorized by Congress. (Appellant Br., Doc. #1964923, at 9.) In September 2022, the government moved without opposition to suspend briefing pending this Court's decision in *Little*, recognizing that the ruling in *Little* would likely "be dispositive of the issue raised in this case." (Mtn. Suspend Briefing, Doc. #1965300, at 1.)

1

After *Little* was decided, the Court directed "the parties file motions to govern future proceedings in this case by September 18, 2023." (Order, Doc. #2013239, at 1.) On September 18, 2023, Caplinger moved to vacate his probationary sentence because, pursuant to *Little*, he is currently serving an unlawful alternative probationary sentence after completing his prison term. The government did not file a timely motion to continue to hold this case in abeyance. Instead, in its opposition to the motion to vacate, the government asked for the appeal to be held in abeyance until the mandate issued in *Little*.

This Court denied the motion to vacate and granted the request to hold the case in abeyance. (Order, Doc. #2024601, at 1.) In regard to the motion to vacate, the Court stated: "the merits of the parties' positions with respect to any potential resentencing in this case are not so clear as to warrant summary action. See Taxpayers Watchdog, Inc. v. Stanley, 819 F.2d 294, 297 (D.C. Cir. 1987) (per curiam)." (*Id.*)

The government now moves remand the case for resentencing. (Motion, Doc. #2030567.) Caplinger argues that continued service of his two-year probationary term is unlawful. Caplinger was on pretrial supervision for nearly two years, served a custodial sentence of 35 days,

2

and started his probationary term on March 24, 2023. He has now served over eight months of his two-year term deemed unlawful in *Little*.

Under *In Re Bradley,* 318 U.S. 50 (1943), "where 'one valid alternative provision of the original sentence has been satisfied, the petitioner is entitled to be freed of further restraint.'" *Jones v. Thomas*, 491 U.S. 376, 383 (1989) (quoting *Bradley*, 318 U.S. at 52). In *Bradley*, the sentencing court imposed a "$500 fine *and* six months' imprisonment under a statute that provided only for fine *or* imprisonment." *Thomas*, 491 U.S. at 383. "The trial court then realized its mistake, amended its sentencing order by omitting the fine and retaining only the 6-month prison sentence, and instructed the Clerk to return the fine to Bradley's attorney, who refused to accept it." *Id*. The Supreme Court remanded with direction that the petitioner be discharged from custody because he had satisfied one valid alternative provision of the original sentence. *In re Bradley*, 318 U.S. at 52.

Because Caplinger has already served the valid alternative punishment of a custodial sentence, the Double Jeopardy Clause prohibits him from being subjected to a probationary term in addition to the satisfied alternative custodial sentence.

3

The dissent in *Little* suggested in a footnote that the district judge may be able to impose a longer term of custody. *Little*, 78 F.4th at 469 (Wilkins, J., dissenting). The dissent relied on *Davenport v. United States*, which holds that "a defendant who successfully attacks an invalid sentence can 'be validly resentenced though the resentence increased the punishment.'" 353 F.2d 882, 884 (D.C. Cir. 1965) (quoting *Hayes v. United States*, 249 F.2d 516, 517 (D.C. Cir. 1957)). But in *Davenport*, the defendant had not yet begun serving the attacked sentence, and the court observed that "a sentence on which service has begun cannot lawfully be increased." *Id.* *Davenport* relied on *Tatum v. United States*, 310 F.2d 854, 855 (D.C. Cir. 1962), which pointed back to *Bradley*.

Thus, because Caplinger has already served his custodial sentence, precedent of the Supreme Court and this Court prohibits the district court on remand from either increasing Caplinger's custodial term or imposing the alternative punishment of probation. *See United States v. Holmes,* 822 F.2d 481, 498 (5th Cir. 1987) (holding that, because defendant fully satisfied lawful alternative sentence, he could not be subject to additional punishment); *United States v. Edick*, 603 F.2d 772, 778 (9th Cir. 1979) (holding that "the district court lost the power to

4

resentence" the defendant after he "fully satisfied one of the valid alternative punishments").

The government has not responded to the merits of Caplinger's argument to vacate his probationary term. This Court previously relied on *Taxpayers Watchdog, Inc. v. Stanley*, 819 F.2d 294, 297 (D.C. Cir. 1987), to deny the motion, but that case is not comparable to this one. The decision addressed a request for summary affirmance of a summary judgment order in a complex dispute over funding for a metro rail system. *Id.* at 296. Although the Court discussed the limited circumstances warranting summary disposition, the Court ultimately granted the request for summary affirmance. *Id.* at 300.

This case presents an even more compelling reason for granting the relief requested. Caplinger is not asking for summary affirmance of a summary judgment order in a complex regulatory dispute. He is asking this Court not to force him to continue serving a sentence the Court has already deemed unlawful in *Little*. In fact, he is asking for the same remedy afforded under Supreme Court precedent in *Bradley*, 318 U.S. at 53, in which the Court remanded, but "with directions that the petitioner

5

be discharged from custody." Under *Bradley*, this case should not be remanded for a full resentencing.

Caplinger therefore respectfully asks this Court to vacate his sentence of probation and leave in place solely his discharged custodial sentence of 35 days.

Respectfully submitted,

/s/ James R. Gerometta
/s/ Benton C. Martin
Counsel for Jeramiah Caplinger
613 Abbott St., Suite 500
 Detroit, MI  48226
Telephone: (313) 967-5832
Email: benton_martin@fd.org

Dated: December 11, 2023

## CERTIFICATE OF COMPLIANCE WITH RULE 27(d)

I certify that, pursuant to Fed. R. App. P. 32(g), this motion contains 952 words, and therefore complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A). This motion has been prepared in 14-point Century Schoolbook, a proportionally spaced typeface.

/s/ Benton C. Martin
Counsel for Jeramiah Caplinger

## CERTIFICATE OF SERVICE

I certify that, on December 11, 2023, I filed this document using the CM/ECF filing system, which will send notification to opposing counsel of record.

/s/ Benton C. Martin
Counsel for Jeramiah Caplinger