UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

———————————————

No. 22-3057

———————————————

UNITED STATES OF AMERICA,                          Appellee,

v.

JERAMIAH CAPLINGER,                          Appellant.

## APPELLEE'S OPPOSITION TO APPELLANT'S RENEWED MOTION TO VACATE

Appellee, the United States of America, opposes appellant's renewed motion to vacate. There is no dispute that Caplinger's split sentence of incarceration and probation is unlawful under this Court's decision in *United States v. Little*, 78 F.4th 453 (D.C. Cir. 2023). And, as ordered in *Little*, the appropriate next step is to vacate the unlawful sentence in its entirety and remand the case to the district court for imposition of a lawful sentence. *Id.* at 461 ("So we vacate Little's sentence and remand to the district court for resentencing."). Caplinger's request that this Court bypass resentencing by the district court and summarily vacate one component of his unlawful sentence while leaving the other

component intact would disrupt the carefully crafted sentencing scheme the district court tailored to Caplinger's specific offense. Vacating the unlawful split sentence and remanding for resentencing, however, would allow the district court to meet its statutory responsibility to impose a lawful sentence that is "sufficient, but not greater than necessary, to comply with the purpose of [the sentencing statute]." 18 U.S.C. § 3553(a).[1]

Thus, the government submits that the Court should deny the present motion, vacate Caplinger's sentence in its entirety, and remand this case to the district court for resentencing. The government further submits that, to guide the district court in this and similar cases, this Court should clarify both that: (1) the appropriate avenue for addressing

---

[1] The arguments Caplinger raises in his motion mirror those of other defendants serving split sentences for their participation in the January 6, 2021, attack on the United States Capitol. Defendants in the following cases pending in the district court have sought early termination of probation from the district court in light of *Little*: *United States v. Pryer*, Case No. 1:21-cr-00667-RCL-ZMF-2; *United States v. Entrekin*, Case No. 1:21-cr-00686-RDM-1. The government has moved for abeyance in these cases, pending the Court's decision here. Additionally, in *United States v. Ianni*, Case No. 1:21-cr-00451-CJN, the district court granted the defendant's motion for early termination of probation and denied the government's motion for abeyance, finding that additional punishment in that case would not be warranted under § 3553(a).

an unlawful split sentence is not through the early termination of probation but through resentencing to a lawful sentence, and (2) the district court may impose a term of incarceration or probation at resentencing that is within the statutory limit but longer than that originally imposed under the split sentence while giving credit for time already served.

## BACKGROUND

On May 5, 2021, Jeramiah Caplinger was charged by information with five offenses arising from his participation in the January 6, 2021, attack on the United States Capitol: (1) entering and remaining in a restricted building or grounds (18 U.S.C. § 1752(a)(1)); (2) disorderly and disruptive conduct in a restricted building or grounds (18 U.S.C. § 1752(a)(2)); (3) violent entry and disorderly conduct in a Capitol Building (40 U.S.C. § 5104(e)(2)(D)); (4) parading, demonstrating, or picketing in a Capitol Building (40 U.S.C. § 5104(e)(2)(G); and (5) stepping, climbing, removing, or injuring property on the Capitol

Grounds (40 U.S.C. § 5104(d)) (A2-4).[2] Pursuant to a plea agreement, Caplinger pleaded guilty before the Honorable Paul L. Friedman on November 5, 2021, to the single petty offense of climbing on Capitol Grounds in violation of § 5104(d) (Count 5), and the government agreed to dismiss the other charges (A5-13, A225-26).

Following briefing and argument by the parties, the district court held that it had statutory authority to impose a split sentence of incarceration and probation for a violation of § 5104(d) (A139-55). On August 1, 2022, the district court imposed a split sentence, consisting of "a period of incarceration for 35 days, which is five weeks, followed by a period of probation for 24 months or two years" (A207). On August 16, 2022, Caplinger noted the present appeal (A166).

In his brief on appeal (at 8), Caplinger argued that a split sentence of incarceration and probation for a single petty offense is prohibited under 18 U.S.C. §§ 3551 and 3561, and he asked this Court "to reverse the district court's split sentence and remand for resentencing." Further briefing in this case was suspended when the Court granted the

_____

[2] "A" refers to Appellant's Corrected Appendix, filed on September 20, 2022.

4

government's unopposed motion to hold this case in abeyance pending resolution of *United States v. Little*, No. 22-3018, which raised the same issue.

On August 18, 2023, a divided panel of this Court held in *Little* that a district court may not impose a split sentence for a single petty offense. *See United States v. Little*, 78 F.4th 453 (D.C. Cir. 2023). On September 18, 2023, Caplinger moved to "vacate his sentence of probation" in light of *Little*. The government opposed, asking that the case be held in abeyance until the issuance of the mandate in *Little* to allow the government to decide whether to seek rehearing en banc in *Little*. The Court denied Caplinger's motion to vacate and continued the stay in this case until the issuance of the mandate in *Little*.

The mandate in *Little* issued on November 9, 2023. On December 8, 2023, the government filed a motion to govern proceedings in this case, requesting that the Court remand the case to the district court for resentencing. On December 11, 2023, Caplinger opposed a remand for resentencing and renewed his request for the Court to "vacate his sentence of probation."

Caplinger completed his 35-day term of imprisonment and was released on March 24, 2023. He is currently serving the probationary term of the split sentence.

## ARGUMENT

## I.   Resentencing Is the Appropriate Remedy for an Unlawful Split Sentence of Incarceration and Probation.

The sentence imposed in this case was unlawful. And the appropriate remedy for such an unlawful sentence—as requested by Caplinger in his brief on appeal (at 8)—is to vacate the sentence in its entirety and remand to the district court for resentencing. *See Little*, 78 F.4th at 461 ("So we vacate Little's [split] sentence and remand to the district court for resentencing."); *see also Davenport v. United States*, 353 F.2d 882, 883-84 (D.C. Cir. 1965) ("The appropriate remedy in this situation would appear to be to vacate appellant's [illegal] sentence and remand his case to the District Court for resentencing. . . ."); *Hayes v. United States*, 249 F.2d 516, 517 (D.C. Cir. 1957) (upholding resentencing by district court, noting that "if the sentence were invalid and defendant successfully attacked it, he could be validly resentenced though the resentence increased the punishment").

The Court's decision in *Little*, issued just four months ago, shows that resentencing is the proper path for addressing an unlawful split sentence. Little had already served his term of imprisonment when he submitted his brief to this Court and, for this reason, he argued that "the proper remedy [for his split sentence] is to reverse and remand with instructions that [he] be immediately discharged from probation and that an amended judgment be issued reflecting no probationary term." Br. for Appellant, *United States v. Little*, No. 22-3018 (July 28, 2022) at 40. The Court evidently did not find merit in this position because it did not end Little's probationary term when it found his split sentence to be unlawful. Instead, the Court "vacate[d] Little's sentence and remand[ed] to the district court for resentencing." *Little*, 78 F.4th at 461. Caplinger's split sentence—and those of other defendants convicted for their actions on January 6, 2021, who now seek early termination of their terms of probation in light of *Little*—requires the same result.

Resentencing after the imposition of an unlawful sentence is especially appropriate where, as here and as in *Little*, the district court imposed a split sentence of incarceration and probation for the commission of a single offense. Here, the district court crafted a sentence

comprised of two components—a term of incarceration and a term of probation—to best address Caplinger's specific offense after carefully considering the statutory sentencing factors of 18 U.S.C. § 3553(a) (A197-207). Both components of the sentence were integral parts of a unified package the district court constructed to fulfill its statutory responsibility to "impose a sentence sufficient, but not greater than necessary, to comply with the purpose of [the sentencing statute]." 18 U.S.C. § 3553(a). The components of Caplinger's sentence were inextricably intertwined, and simply vacating the term of probation without any further consideration—as Caplinger now requests—would undo the sentencing scheme carefully crafted by the district court.

Analogy to resentencing under the sentencing package doctrine underscores the need for resentencing here. "The sentencing package doctrine recognizes that when a defendant is found guilty on a multicount indictment, there is a strong likelihood that the district court will craft a disposition in which the sentences on the various counts form part of an overall plan, and that if some counts are vacated, the judge should be free to review the efficacy of what remains in light of the original plan." *United States v. Townshend*, 178 F.3d 558, 567 (D.C. Cir. 1999) (internal

quotation marks omitted). In other words, where multiple counts of conviction are "properly viewed as a package," the "sentences [are], in essence, one unified term of imprisonment." *Id.* at 570 (internal quotation marks omitted). And "successful attack by a defendant on some but not all counts of conviction" may necessitate "vacat[ing] the entire sentence on all counts so that, on remand, the trial court can reconfigure the sentencing plan to ensure that it remains adequate to satisfy the sentencing factors in 18 U.S.C. § 3553(a)." *Greenlaw v. United States*, 554 U.S. 237, 253 (2008).

The logic underlying resentencing in the sentencing package context applies in the split sentence context. Like *Little*, Caplinger was only convicted of a single count, and the sentence the district court imposed can only be attributed to that offense. The two components of Caplinger's sentence must be "properly viewed as a package" tailored to the statutory sentencing factors as they relate to Caplinger's single count of conviction. *Townshend*, 178 F.3d at 570. And since the decision in *Little* unraveled the "overall plan" the district court crafted here, *id.* at 567, the court should be given the opportunity, "on remand, [to] reconfigure the

sentencing plan to ensure it remains adequate to satisfy the sentencing factors in 18 U.S.C. § 3553(a)," *Greenlaw*, 554 U.S. at 253.

The connection between the two components of Caplinger's split sentence is further evidenced by the short term of incarceration originally imposed. The district court imposed a period of incarceration of 35 days, which is well below the statutory maximum sentence of six months, knowing that a significant period of supervision in the form of probation would follow. The sentence was fashioned holistically, and the probationary term was a companion to, and arguably an offset for, the lenient term of imprisonment. Now that this Court's decision in *Little* has invalidated the carefully balanced sentence originally imposed, the district court is best situated to address the interplay between these components and determine at resentencing how the initial sentence should be adjusted to bring it into conformity with what is legally authorized and to ensure that it achieves the intended punitive effect.[3]

---

[3] A remand to the district court for resentencing does not necessarily mean that Caplinger will face a longer term of incarceration or the imposition of a new term of probation. Upon review of the 18 U.S.C. § 3553(a) sentencing factors, the district court may decide that a new sentence of time served is appropriate. Regardless, the district court is best situated to make this determination in the first instance.

## II.    Resentencing Would Not Violate Double Jeopardy, Supreme Court Precedent, or Any Decision of this Court.

Caplinger does not—and would have no legal basis to—claim that the district court is prohibited from resentencing him to a lawful sentence. Instead, he suggests (at 3-4) that a remand for resentencing is unnecessary because the district court on remand would be prohibited by the Double Jeopardy Clause from resentencing him to either a longer term of incarceration or any term of probation because he has already fully served the term of incarceration originally imposed. Caplinger's argument is incorrect.

This Court implicitly rejected any double-jeopardy concerns in *Little*, when it remanded for resentencing despite Little's argument that the Court should instruct the district court to discharge him from probation because he had already served the originally imposed term of incarceration. *See Little*, 78 F.4th at 461; Br. for Appellant, *United States v. Little*, No. 22-3018 (July 28, 2022) at 40. Moreover, in vacating Little's unlawful split sentence and remanding the case to the district court for resentencing, the majority did not dispute Judge Wilkins's acknowledgement in dissent that, at resentencing, the district court

11

could impose a term of incarceration or a term of probation longer than that which was originally imposed "if [the district court] concluded that either a longer prison or probationary term were required to meet the goals of [the sentencing statute]." *Little*, 78 F.4th at 469 n.3 (Wilkins, J., dissenting).

Imposition of a longer term of incarceration or a term of probation at resentencing—as contemplated by this Court in *Little*—would not violate double jeopardy. Indeed, the Double Jeopardy Clause does not bar the imposition of an increased punishment at resentencing where a defendant does not have a legitimate expectation of finality in the sentence originally imposed. *See United States v. Fogel*, 829 F.2d 77, 87 (D.C. Cir. 1987) ("If a defendant has a legitimate expectation of finality, then an increase in that sentence is prohibited by the double jeopardy clause. If, however, there is some circumstance which undermines the legitimacy of that expectation, then a court may permissibly increase the sentence."); *see also United States v. DiFrancesco*, 449 U.S. 117, 137 (1980) ("the Double Jeopardy Clause does not require that a sentence be given a degree of finality that prevents its later increase").

A defendant who successfully attacks an unlawful sentence—by appealing or otherwise challenging the sentence, as Little and Caplinger did—can have no legitimate expectation of finality in the sentence originally imposed. A court thus may impose greater punishment at resentencing without violating the Double Jeopardy Clause. *See Fogel*, 829 F.2d at 87;[4] *see also Hayes*, 249 F.2d at 517 ("It also seems clear that, if the sentence were invalid and defendant successfully attacked it, he could be validly resentenced though the resentence increased the punishment."). "The defendant in such a case is held to have waived his protection against double jeopardy." *Hayes*, 249 F.2d at 517.[5]

---

[4] In *Fogel*, this Court found that the district court's sua sponte decision to increase the defendant's sentence violated double jeopardy where the "originally imposed sentence was not impermissible" and where "the increase in the original sentence [was] also not predicated on any action taken by the [defendant]." 829 F.2d at 88-89. In contrast, the split sentence imposed in this case is unlawful and the need for resentencing arises from Caplinger's own actions—*i.e.*, his assertion, first to the district court and now to this Court, that his split sentence is unlawful.

[5] As above, cases that address this issue in the sentencing package doctrine context are instructive. *See, e.g.*, *Townshend*, 178 F.3d at 570 ("we join the other circuits which have addressed this question in concluding that even where the term originally allocated to the remaining [unchallenged] counts of a package has been served, a defendant can have no legitimate expectation of finality regarding the sentence previously allocated to [those] counts while simultaneously

(continued . . . )

The fact that Caplinger already began serving his split sentence—and even that he already completed the term of imprisonment originally imposed—does not change this calculus. Indeed, this Court and many others have recognized that a more severe punishment can be imposed at resentencing even after service of the original unlawful sentence has begun. *See, e.g., Hayes*, 249 F.2d at 517-18 ("a sentence which does not conform with the applicable statute [because it is below the statutory minimum] may be corrected though defendant . . . has begun to serve it"); *United States v. Lominac*, 144 F.3d 308, 317-18 (4th Cir. 1998) (remanding to district court for resentencing after vacating supervised release component of split sentence, noting that term of incarceration could be adjusted upwards even after defendant completed originally imposed term of incarceration), *abrogated on other grounds by Johnson v. United States*, 529 U.S. 694 (2000); *United States v. Versaglio*, 85 F.3d 943, 949 (2d Cir. 1996) (remanding to district court to consider imposition

---

challenging his sentence on other counts of the package"); *United States v. Brown*, 26 F.4th 48, 62 (1st Cir. 2022) ("'[w]hen a defendant elects to challenge one part of a sentencing package whose constituent parts are truly interdependent,' reconstituting 'the entire sentencing package does not constitute a double jeopardy violation'" (quoting *United States v. Mata*, 133 F.3d 200, 202 (2d Cir. 1998)).

of increased fine after invalidating incarceration component of split sentence even after defendant already paid originally imposed fine in full); *United States v. Holmes*, 822 F.2d 481, 498 (5th Cir. 1987) ("Correction of a sentence can occur even if service of the sentence has begun, even if the correct sentence may be more onerous to the defendant than the original.") (citation omitted); *Christopher v. United States*, 415 A.2d 803 (D.C. 1980) (affirming sentencing court's sua sponte correction of illegal split sentence by eliminating probation component and imposing term of incarceration greater than that originally imposed where defendant had already begun serving sentence).[6]

A line of Supreme Court cases—starting with *Ex parte Lange*, 85 U.S. 163 (1873), and including *In re Bradley*, 318 U.S. 50 (1943), relied on by Caplinger in his motion (at 3-4)—does not hold otherwise. Caplinger cites *Bradley* for the proposition that, where "one valid

---

[6] Caplinger contends (at 4) that the Court in *Davenport* "observed that 'a sentence on which service has begun cannot lawfully be increased.'" But this observation was made by the defendant in *Davenport*—not the Court—and the Court did not address this issue in its decision. *Davenport*, 353 F.2d at 884. Moreover, the Court in *Hayes*, a decision relied on by this Court in *Davenport*, makes clear that "a sentence which does not conform with the applicable statute may be corrected though defendant . . . has begun to serve it." 249 F.2d at 517-18.

alternative provision of the original sentence has been satisfied, the petitioner is entitled to be freed of further restraint." *Bradley*, 318 U.S. at 52. But Caplinger's reliance on this line of cases is misplaced. The Supreme Court has subsequently recognized the limited application of *Lange* and *Bradley*, and these cases are not controlling here. *See, e.g.*, *Jones v. Thomas*, 491 U.S. 376, 383 (1989) ("*Lange* therefore stands for the uncontested proposition that the Double Jeopardy Clause prohibits punishment in excess of that authorized by the legislature, and not for the broader rule suggested by its dictum.") (citation omitted); *id.* at 386 ("we do not think the law compels application of *Bradley* beyond its facts").

*Lange* and *Bradley* involved defendants sentenced to a fine and imprisonment under statutes that permitted the imposition of either a fine or imprisonment. In *Lange*, the Supreme Court held that the defendant was entitled to immediate release because he had already paid the statutory maximum fine in full, stating that resentencing him to the alternate punishment of imprisonment would "punish[] [him] twice for the same thing." 85 U.S. at 175. Similarly, in *Bradley*, the Supreme Court held that the defendant "[wa]s entitled to be freed of further restraint"

16

because he had already paid the fine in full. 318 U.S. at 52. The full payments of the fines in *Lange* and *Bradley* meant that those defendants had already fully suffered one of two authorized alternative penalties such that no additional punishment could be imposed because anything more would exceed the punishment that was statutorily authorized. In other words, these cases stand for the unassailable but narrow proposition that "a defendant may not receive a greater sentence than the legislature has authorized." *United States v. DiFrancesco*, 449 U.S. 117, 139 (1980).

But as recognized by the Supreme Court and multiple other courts, *Lange* and *Bradley* are a narrow exception to the general rule that allows for resentencing after a defendant successfully challenges an unlawful sentence, even if service of the sentence has already begun and even if the corrected sentence is more onerous than the original. For example, the Fifth Circuit has recognized that the *Lange/Bradley* limitation applies only where one of the alternative penalties imposes the maximum authorized sentence and is satisfied in full:

> The *Bradley* cases stand apart from this general rule, however. The contempt statute authorizes only a fine or imprisonment, and the full payment of a fine satisfies one lawful alternative sentence. Sentences involving

> imprisonment not yet fully served or a term of imprisonment below the maximum authorized by an offense statute are not analogous, nor are cases in which a defendant appeals a dual sentence before satisfying either prong. What differentiates the *Bradley*-type case from these other cases is that a *Bradley* defendant who has paid his fine has suffered the maximum sentence authorized by the statutes.

*Holmes*, 822 F.2d at 498-99; *see also id.* at 499 n.30 (listing cases not controlled by *Bradley* because, among other things, they involved "resentencing . . . after sentences that were below the maximum authorized by offense statutes, or after a defendant appealed the entirety of his sentence or challenged a sentence but had not fully satisfied a sentence as great as the law allows").[7]

---

[7] Caplinger mistakenly relies on *Holmes* in his motion (at 4) to support his claim that the district court on remand would be prohibited from imposing an increased term of incarceration or the alternative punishment of probation because he already served the term of incarceration originally imposed. Caplinger fails to recognize that the Fifth Circuit explicitly acknowledged that resentencing would be appropriate where, as here, the original term of incarceration imposed and served is below the statutory maximum. *Holmes*, 822 F.2d at 498-99.

Caplinger also relies on *United States v. Edick*, 603 F.2d 772 (9th Cir. 1979), for the same proposition. Yet, this single out-of-circuit decision is not persuasive, particularly in the face of a mountain of precedent to the contrary. Moreover, the Ninth Circuit itself has acknowledged the limited application of *Edick*, explaining that it "must now be read in the light of the [subsequent] guidance provided by" the Supreme Court regarding a defendant's expectation of finality and the narrow scope of

(continued . . . )

Courts have recognized other limitations to the *Lange*/*Bradley* rule that are relevant here. For example, in *Lominac*, the Fourth Circuit held that "*Bradley* does not bar resentencing" where two components of an unlawful split sentence are of the type that can be credited against each other. 114 F.3d at 318. The defendant in *Lominac* was originally sentenced to both imprisonment and supervised release even though the applicable statute only authorized the imposition of incarceration in the defendant's particular circumstances. *Id.* at 317-318. And by the time the Fourth Circuit heard the appeal, the defendant had already served the entire term of incarceration and some portion of the term of supervised release imposed under the unlawful split sentence. *Id.* at 317. Nevertheless, the Fourth Circuit found that remanding to the district court for resentencing was appropriate because, "[h]ad the court recognized that it lacked authority to impose the . . . term of supervised

---

*Bradley*/*Lange*. *United States v. Hagler*, 709 F.2d 578, 579 (9th Cir. 1983); *see also United States v. Arrellano-Rios*, 799 F.2d 520, 523 (9th Cir. 1986) (recognizing that the Supreme Court in "*DiFrancesco* explicitly disapproved the readings of two earlier Supreme Court cases, [including *Lange*], relied on in *Edick*"). Regardless, as explained above, Caplinger can have no legitimate expectation of finality in his split sentence where he himself has successfully challenged the legality of that very sentence.

release, it might have validly concluded that a prison term of longer than six months was appropriate." *Id.* The Fourth Circuit distinguished *Bradley*, noting that while the "'alternative sentences in *Bradley*'" of imprisonment and a fine "'were of a different type' and it simply was not 'possible to credit a fine against time in prison,'" "it is possible to credit [defendant's] time served on supervised release against any time to be served in prison." *Id.* at 318 (quoting *Thomas*, 491 U.S. at 384). In other words, "[u]nlike the monetary sanction of a fine, which cannot be converted into an equivalent temporal sanction, [defendant's] term of supervised release restrained his liberty for a known period of time that can be credited against any future sentence of imprisonment." *Id.*

Similarly, in *Versaglio*, the Second Circuit held that *Lange*/*Bradley* does not prohibit resentencing a defendant to an increased fine on remand where the district court had originally imposed an unlawful split sentence of a fine and imprisonment and where the defendant had already paid the full amount of the originally imposed fine. 85 F.3d at 948. The Second Circuit vacated the term of imprisonment because the fine had already been paid and noted that "[n]o issue was raised in either *Lange* or *Bradley* as to a sentencing court's power to revise the *amount*

20

of a fine in light of the unavailability of imprisonment." *Id.* (emphasis in original). Thus, recognizing that the two components of the original split sentence were intertwined, the Second Circuit remanded the case to the district court to "consider[] whether to make an upward adjustment in the amount of the fine" in order to maintain "the aggregate punitive effect of [the original] sentence." *Id.* at 949.

Here, *Lange/Bradley* provides no bar to resentencing Caplinger to a longer term of incarceration, or alternatively to a term of probation, for at least two distinct reasons. First, unlike *Lange* and *Bradley*, the alternative sentences here do not involve penalties that are impossible to credit against each other. Rather, as in *Lominac*, any time previously served in prison and any time previously served on probation could be credited against any future sentence of imprisonment or probation imposed at resentencing. 144 F.3d at 318; *see also United States v. Martin*, 363 F.3d 25, 38 (1st Cir. 2004) ("we join other courts of appeals in holding that these similarities are sufficient to allow crediting of probation against imprisonment").[8]

---

[8] Regardless of whether the district court imposes a sentence of incarceration or probation on remand, Caplinger should receive credit for

(continued . . . )

21

Second, the term of incarceration that Caplinger completed was well below the statutory maximum of six months, and resentencing him to a longer term of incarceration or alternatively to a term of probation (taking account of any time already served) would not exceed the maximum punishment authorized by statute. Indeed, the district court intentionally crafted a dual sentencing scheme suited to Caplinger's specific offense and circumstances in which each component weighed against the other and played an integral part in the overall plan. "Had the court recognized that it lacked authority to impose the [split sentence], it might have validly concluded that a prison term of longer than [35 days] [or that a standalone probationary term] was

---

time already served. *See Martin*, 363 F.3d at 37-38 (unlawful term of probation must be credited against any subsequent sentence of incarceration); *Lominac*, 144 F.3d at 318 (unlawful term of supervised release must be credited against any subsequent sentence of incarceration). But because probation is a less restrictive penalty than incarceration, crediting time served on probation against a future term of incarceration, or crediting time incarcerated against a future term of probation, should not be "a day-to-day offset." *Martin*, 363 F.3d at 39. While the precise crediting ratio in this case is an open question for the district court to consider in the first instance, the specific ratio should derive from a "fact-based inquiry" that looks to "the specific conditions of [Caplinger's] probation and the effect of [any crediting] on the underlying purposes of the [sentencing statute] as set out in 18 U.S.C. 3553(a)." *Id.*

appropriate." *Lominac*, 144 F.3d at 317. Thus, the district court "should have the option of considering whether to make an upward adjustment in the" term of imprisonment or whether to impose a standalone term of probation at resentencing. *Versaglio*, 85 F.3d at 948.

### III.   The Court Should Vacate Caplinger's Sentence and Remand to the District Court with Specific Instructions for Resentencing.

Caplinger asserts (at 5-6) that the appropriate remedy for an unlawful split sentence of incarceration and probation is properly before this Court. The government agrees. The filings flesh out the merits of the parties' positions and present a choice for moving forward: (1) vacate the unlawful split sentence in its entirety and remand to the district court to impose a lawful sentence at resentencing, or (2) vacate the probationary component of the unlawful split sentence while leaving the imprisonment component intact.

As laid out above, the government submits that the appropriate remedy is resentencing—and not simply ending one component of an unlawful whole. Thus, the government requests that the Court vacate Caplinger's sentence in its entirety and remand for resentencing. The government further requests that, in rejecting Caplinger's arguments,

the Court explicitly state what would be inherent in its ruling in light of the arguments submitted—that resentencing is the appropriate remedy for an unlawful split sentence, and that the Double Jeopardy Clause does not bar the imposition of a term of incarceration or probation within the statutory limit but longer than that originally imposed, as long as credit is given for time already served. Such instructions would help the district court in this and other similar cases to understand the options available for remedying an unlawful split sentence.

## Conclusion

WHEREFORE, the government respectfully requests that appellant's renewed motion to vacate be denied, that the unlawful split sentence originally imposed be vacated in its entirety, and that the case be remanded to the district court for resentencing with instructions to impose a lawful sentence, which could include a term of incarceration or probation within the statutory limit but longer than that originally imposed while giving credit for time already served.

Respectfully submitted,

Matthew M. Graves
United States Attorney

Chrisellen R. Kolb
Elizabeth H. Danello
Assistant United States Attorneys

_____/s/_____
Reuven Dashevsky
MA Bar # 693966
Assistant United States Attorney
601 D Street, NW, Room 6.232
Washington, D.C. 20530
Reuven.Dashevsky@usdoj.gov
(202) 252-6829

## CERTIFICATE OF COMPLIANCE WITH RULE 27(d)

I HEREBY CERTIFY pursuant to Fed. R. App. P. 32(g) that this response to a motion contains 5,032 words, and therefore complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A). This response has been prepared in 14-point Century Schoolbook, a proportionally spaced typeface.

/s/
REUVEN DASHEVSKY
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have caused a copy of the foregoing response to be served by electronic means, through the Court's CM/ECF system, upon counsel for appellant, Benton C. Martin and James R. Gerometta, on this 21st day of December, 2023.

/s/
REUVEN DASHEVSKY
Assistant United States Attorney