UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

        Plaintiff-Appellee,        Ca. No. 22-3057

v.

JERAMIAH CAPLINGER,

        Defendant-Appellant.
_____/

## REPLY REGARDING RENEWED MOTION TO VACATE

The government concedes that Jeramiah Caplinger is serving a sentence deemed unlawful in *United States v. Little*, 78 F.4th 453, 554 (D.C. Cir. 2023), because the district court imposed both a prison term and probation for his single petty offense, which this Court held "are alternative sentences that cannot generally be combined." The government also does not dispute that Caplinger completed his prison term and has served a substantial portion of his term of probation. But the government argues that this Court should vacate the sentence in its entirety and remand for resentencing, with the possibility that the district court could impose a higher prison term with no probation or just

1

a sentence of probation. This Court should reject the government's request for a sentencing redo.

The problem with the government's argument is three-fold. First, Caplinger already served both his prison term and a substantial portion of the alternative probationary term; increasing the penalty for his single petty offense conviction disrupts the expectation of finality underlying the Double Jeopardy Clause. *United States v. Fogel*, 829 F.2d 77, 89 (D.C. Cir. 1987). Second, the government misconstrues Supreme Court precedent by arguing that *Ex parte Lange*, 85 U.S. 163 (1873), and *In Re Bradley,* 318 U.S. 50 (1943), only apply "where one of the alternative penalties imposes the maximum authorized sentence and is satisfied in full." Resp. at 17. And third, the government's position relies almost entirely on decisions where courts dealt with the distinguishable situation of multiple sentences for multiple counts; not where there are two alternative sentences for a single charge. Resp. at 8–10.

Starting with Supreme Court precedent, the government mistakenly insists that *Lange, Bradley,* and *Jones v. Thomas*, 491 U.S. 376, 383 (1989), are distinguishable because they involved situations where "one of the alternative penalties imposes the maximum authorized

2

sentence and is satisfied in full." Resp. at 17. The government draws this conclusion from the acknowledgement in *Thomas*, 491 U.S. at 383, that "*Lange* therefore stands for the uncontested proposition that the Double Jeopardy Clause prohibits punishment in excess of that authorized by the legislature, and not for the broader rule suggested by its dictum."

But contrary to the government's contentions, *Thomas* strongly supports Caplinger's argument that the government's analysis only applies when there are multiple counts. In *Thomas*, the Court addressed a situation where a court vacated a 15-year sentence and left in place a life sentence on a separate count. In rejecting the defendant's argument that the life sentence had to be vacated, the Court explained:

> *Bradley* and *Lange* both involved alternative punishments that were prescribed by the legislature for a single criminal act. The issue presented here, however, involves separate sentences imposed for what the sentencing court thought to be separately punishable offenses, one far more serious than the other. The alternative sentences in *Bradley*, moreover, were of a different type, fine and imprisonment. While it would not have been possible to 'credit' a fine against time in prison, crediting time served under one sentence against the term of another has long been an accepted practice.

*Thomas,* 491 U.S. at 384.

It is noteworthy that four justices—in an opinion by Justice Scalia—dissented, finding the case indistinguishable from *Lange* and

3

*Bradley* and calling for the life sentence to be vacated. *Id* at 388-96 (Scalia, J., with Stevens, Brennan, and Marshall, JJ., dissenting). The division among the justices was whether the *Lange/Bradley* principle would be extended to multiple-count situations; the viability of *Lange* and *Bradley* was never in doubt. In other words, all nine justices agreed on the continuing viability of *Lange* and *Bradley* regarding a single count of conviction.

Indeed, ten of the twelve federal circuit courts, including the D.C. Circuit, have had occasion to rely on the *Lange/Bradley* line of cases. *See, e.g., United States v. Holmes,* 822 F.3d 481 (5th Cir. 1987) (discharging term of imprisonment where punishments were available in the alternative and fine was already paid); *United States v. DiGirlomo,* 548 F.2d 252, 254-55 (8th Cir. 1977) (same); *United States ex rel. Kanawha Coal Operators Ass'n v. Miller,* 540 F.2d 1213 (4th Cir. 1976) (same); *United States v. Sampogne,* 533 F.2d 766 (2d Cir. 1976) (same); *United States v. White,* 980 F.2d 1400 (11th Cir. 1993) (discharging fine where punishments were available in the alternative and term of imprisonment was already served); *Tatum v. United States,* 310 F.2d 854, 855 (D.C. Cir. 1962); *Dye v. Frank,* 355 F.3d 1102, 1108 (7th Cir. 2004);

*Breest v. Helgemoe,* 579 F.2d 95, 101 n.12 (1st Cir. 1978); *Warnick v. Booher,* 425 F.3d 842, 847 (10th Cir. 2005); *United States v. Edick,* 603 F.2d 772, 776-78 (9th Cir. 1979).

As further evidence of how the government is misapplying precedent regarding multi-count cases to this case, consider its argument about the "sentencing package doctrine." Resp. at 8. Even under the plain terms of the doctrine as quoted by the government it applies in cases where there is a "'multicount'" conviction, and "'the sentences on *the various counts* form part of an overall plan.'" (*Id.,* quoting *United States v. Townshend*, 178 F.3d 558, 567 (D.C. Cir. 1999) (emphasis added)). Thus, as the Supreme Court explained, the doctrine applies when a defendant successfully attacks *some* but not *all* counts of conviction. *Greenlaw v. United States*, 554 U.S. 237, 253 (2008). That situation stands in stark contrast to the situation here, where this Court announced that Caplinger's two-part sentence on a single count of conviction is unlawful, and he already served one part of that unlawful sentence and is part-way through the other.

The government argues that imposition of a longer prison term on remand, or a term of probation, would not violate double jeopardy. Resp.

5

at 11–23. But either sentence would compound the unlawfulness of Caplinger's sentence since he *already* served a prison term *and* a substantial portion of his term of probation.

The *Lange* court considered this precise scenario and provided the answer in no uncertain terms:

> [I]f the judgment of the court is that the convict be imprisoned for four months, and he enters immediately upon the period of punishment, can the court, after it has been fully completed . . . vacate that judgment and render another, for three or six months' imprisonment, or for a fine? Not only the gross injustice of such a proceeding, but the inexpediency of placing such a power in the hands of any tribunal is manifest.

*Lange,* 85 U.S. at 168. And later:

> But if, after judgment has been rendered on the conviction, and the sentence of that judgment executed on the criminal, he can be again sentenced on that conviction to another and different punishment, or to endure the same punishment a second time, is the constitutional restriction [against double jeopardy] of any value?

*Id.* at 173. The principle is clear.

The government also cites *United States v. Holmes*, 822 F.2d 481 (5th Cir. 1987), as supporting its argument that "the *Lange/Bradley* limitation applies only where one of the alternative penalties imposes the maximum authorized sentence and is satisfied in full." (Resp. at 17.) But in fact, *Holmes* simply held that a defendant sentenced illegally to a fine

6

and imprisonment who had already paid the fine could not be sentenced to imprisonment, just as *Lange* and *Bradley* had held. The contempt statute at issue did not set a limit on the fine that could be imposed, and thus a higher fine would have been authorized on remand if the government's theory was correct. Any lack of clarity in the opinion seized upon and misinterpreted by the government is not merely *dicta;* the government's reading is directly contrary to the holding of the case.

The rest of the decisions the government relies on likewise do not support remand for potentially increased punishment in Caplinger's case.

The government leads with *Davenport v. United States*, 353 F.2d 882 (D.C. Cir. 1965), and *Hayes v. United States v. United States*, 249 F.2d 516 (D.C. Cir. 1957). Resp. at 6. These same two decisions are cited in the dissent in *Little* as possibly permitting a higher prison sentence for Little on remand. *Little*, 78 F.4th at 469 (Wilkins, J., dissenting).

But *Davenport* presented a similar multi-count issue to the Supreme Court's later decision in *Jones v. Thomas*, and this Court allowed a district court to increase punishment on a *separate* count after a longer sentence for a vacated count was vacated on appeal. *Davenport*, 353 F.2d at 884. *Davenport* says nothing about the situation here, where

7

the government seeks increased penalties on a single count of conviction after one of two alternative sentences is already completed.

*Hayes* involved a defendant inadvertently sentenced under a statute which had been superseded, and the question was whether he could be sentenced anew under the correct statute. The *Hayes* court discussed and distinguished *Lange* on the very basis that the punishment of a fine in *Lange,* by itself, was a lawful sentence and "had been valid and had been satisfied before the addition to the sentence of a discretionary prison term as well," *Hayes,* 249 F.2d at 518, just as in Caplinger's case. Thus, *Hayes*, like *Davenport,* does not provide support for the possibility of additional incarceration for Caplinger.

The government also cites *United States v. DiFrancesco*, 449 U.S. 117, 132 (1980). But *DiFrancesco* in fact reaffirmed *Lange,* discussing its holding at some length. *See id.* at 138–39. And it noted that "[n]o double jeopardy problem would have been presented in *Ex parte Lange* if Congress had provided that the offense there was punishable by both fine and imprisonment, even though that is multiple punishment." *Id.* at 139. Notably, it is exactly the converse—double punishments when Congress

8

did *not* authorize it—that is at issue here. *DiFrancesco* supports Caplinger's request to vacate his remaining probationary term.

The government also relies on *Fogel*, 829 F.2d at 87, for the proposition that a defendant can receive an increased sentence at resentencing. Resp. at 12–13. But *Fogel* supports Caplinger, not the government. It involved the unique situation where a district court *sua sponte* increased its sentence. *Fogel*, 829 F.2d at 83. Like here, the government relied on *DiFrancesco* to argue that the increased sentence did not violate Double Jeopardy, and this Court rejected the argument and found that the increased penalty *did* violate Double Jeopardy. *Fogel*, 829 F.2d at 88.

The *Fogel* Court noted that, even though the district court's original sentence contained a procedural defect, that did not mean the court could increase the penalty in re-imposing sentence. *Id.* at 89. Rather, "an increase in a sentence for an unrelated technical defect frustrates a defendant's legitimately held expectation in the severity of his sentence and violates the double jeopardy clause." *Id.* "Any other holding would place form above substance and would be inconsistent with the proper focus of the prohibition against double jeopardy." *Id.* So, too, permitting

9

an increase to Caplinger's prison sentence, while at the same time nullifying the term of probation he has already served, would seriously increase the severity of his sentence in a manner inconsistent with the purposes of the Double Jeopardy Clause.

The government also relies on *United States v. Lominac*, 144 F.3d 308 (4th Cir. 1998), *abrogated on other grounds by Johnson v. United States*, 529 U.S. 694 (2000), which addressed whether a new term of supervised release could be imposed under the statute in force at the time following revocation and incarceration. It could not. The majority's remarks about the possible sentence on remand were *dicta*, and the suggestion that the defendant could be sentenced to additional imprisonment indeed drew a separate opinion citing *Lange* and *Bradley, see id.* at 318-19 (Widener, J., concurring and dissenting) ("When Lominac completed the imprisonment portion of the dual sentence, the power vested in the court with regard to punishment was extinguished"). Further, the *Lominac* court directed the sentencing judge to credit the time spent on impermissible supervised release against any additional imprisonment imposed, essentially mooting the issue. *See id.* at 317.

The Second Circuit's decision in *United States v. Versaglio*, 85 F.3d 943, 949 (2d Cir. 1996), is similar. It dealt with an appeal by the defendant that the sentencing judge had unlawfully imposed a fine and imprisonment, requiring vacatur of the term of imprisonment, and an appeal by the government that the fine imposed was too low due to a guidelines error. The Second Circuit agreed with both parties, even as it discussed and reaffirmed the holdings of *Lange* and *Bradley*. *See Versaglio,* 85 F.3d at 947-48.

In addition, *Christopher v. United States*, 415 A.2d 803 (D.C. 1980), dealt with the fallout from the D.C. Court of Appeals' prior ruling that D.C. Superior Court judges were barred by statute from partially suspending sentences of imprisonment, and it ordered the outstanding suspended portion of the sentence unsuspended, as the statute required. This was precisely the kind of problem Congress eliminated when it barred "split sentences" for people like Caplinger. *See Little,* 78 F.4th at 455, 458−60. Again, this decision does not support the government's advocated approach.

Finally, the government's argument ignores *Tatum v. United States,* 310 F.2d 854, 855 (D.C. Cir. 1962)*,* in which this Court held—

11

citing, *inter alia*, *Lange* and *Bradley*—that "[i]f appellant's first sentence was lawful a second sentence could not lawfully be imposed which increased it or made it more severe, once he had commenced serving confinement under it." *Tatum,* 310 F.2d at 855. Caplinger's prison sentence was lawful in and of itself and has already been served; it cannot now be increased.

## Conclusion

Caplinger therefore respectfully asks this Court to vacate his sentence of probation and leave in place solely his discharged custodial sentence of 35 days.

                                    Respectfully submitted,

                                    <u>/s/ James R. Gerometta</u>
                                    <u>/s/ Benton C. Martin</u>
                                    Counsel for Jeramiah Caplinger
                                    613 Abbott St., Suite 500
                                     Detroit, MI  48226
                                    Telephone: (313) 967-5832
                                    Email: benton_martin@fd.org

Dated: December 28, 2023

**CERTIFICATE OF COMPLIANCE WITH RULE 27(d)**

I certify that, pursuant to Fed. R. App. P. 32(g), this reply contains 2,286 words, and therefore complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(C). This reply has been prepared in 14-point Century Schoolbook, a proportionally spaced typeface.

/s/ Benton C. Martin
Counsel for Jeramiah Caplinger

**CERTIFICATE OF SERVICE**

I certify that, on December 28, 2023, I filed this document using the CM/ECF filing system, which will send notification to opposing counsel of record.

/s/ Benton C. Martin
Counsel for Jeramiah Caplinger